UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PANOCEANIS MARITIME, INC. ET AL.                CIVIL ACTION

VERSUS                                          NO. 11-2739

M/V EULA B. DEVALL ET AL.                       SECTION: "F"

ORDER AND REASONS

Before the Court is the plaintiffs' motion to dismiss defendant's counterclaim for failure to state a claim upon which relief can be granted. For the reasons that follow, the motion is GRANTED.

Background

This case arises out of a maritime collision.

On December 31, 2010, at the Nine Mile Point on the Mississippi River, a barge in the tow of M/V EULA B. DEVALL allegedly struck the port stern of the M/V PANOCEANIS causing damages. As a result, the PANOCEANIS was serviced and received repairs from numerous companies for the damages it allegedly incurred during the December 31 incident. Magna Marine, Inc., and not Panoceanis Maritime, paid for at least four separate invoices issued for these repairs.

Panoceanis Maritime, as registered owner of the M/V PANOCEANIS, filed suit in this Court on November 3, 2011, bringing claims against M/V EULA B. DEVALL, in rem, and Eula B.

Devall, Inc., in personam, seeking damages for the repair of the PANOCEANIS, together with the loss of her use and related expenses. On January 24, 2012, this Court issued a scheduling order, stating that "[a]mendments to pleadings, third-party actions, cross-claims, and counter-claims shall be filed no later than 30 days from today." Accordingly, any amendments were to be filed by February 23, 2012. Panoceanis Maritime filed its first amended complaint on January 18, 2012, which Devall answered on February 14, 2012.

On November 14, 2012, Devall moved under Federal Rule of Civil Procedure 17 to assert the objection of plaintiff's failure to join a real party in interest, Magna Marine, Inc. This Court granted defendant's motion on December 5, 2012, allowing Panoceanis Maritime leave to amend its complaint within a reasonable time to join Magna as a party. On December 10, 2012, Panoceanis Maritime filed its second amended complaint adding Magna Marine, Inc. as a plaintiff in this case. On December 20, 2012, Devall answered the second amended complaint, asserting a counterclaim against Panoceanis Maritime and Magna for damages to Devall's barges. Plaintiffs now move to dismiss defendant's counterclaim for failure to state a claim upon which relief can be granted.

I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. <u>Causey v. Sewell Cadillac-Chevrolet, Inc.</u>, 394 F.3d 285, 288 (5th Cir. 2004) (citing <u>Collins v. Morgan Stanley Dean Witter</u>, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. <u>See</u> <u>United States ex rel. Willard v. Humana Health Plan of Tex. Inc.</u>, 336 F.3d 375, 379 (5th Cir. 2003).

## II. <u>Discussion</u>

Plaintiffs contend that the defendant fails to state a claim upon which relief can be granted because defendant's counterclaim is untimely. The Court agrees.

*A.*

At issue is whether a defendant may, as of right or only with leave of court, add a counterclaim when responding to an amended complaint;[1] a question which the Fifth Circuit has not

---

[1] This issue arises under Federal Rules of Civil Procedure 13 and 15. Rule 13 provides:
> A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against the opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and . . . does not require adding another party over whom the court cannot acquire

yet addressed. See <u>Seitz v. Envirotech Sys. Worldwide Inc.</u>, No. 02-4782, 2007 WL 1795678, at *2-3 (S.D. Tex. June 19, 2007). Districts courts have taken differing positions on the issue. Some district courts have held--and defendant argues here--that once a plaintiff amends a complaint, the defendant always has a right to assert new counterclaims, regardless of the scope of the amendment. See, e.g., <u>Mun. Revenue Servs., Inc. v. Xspand, Inc.</u>, No. 05-671, 2006 WL 91358, at *2 (M.D. Pa. Jan. 12, 2006); <u>E.I. DuPont De Nemours & Co. v. Millennium Chems., Inc.</u>, No. 97-237, 1999 WL 615164, at *4 (D. Del. 1999); <u>Am. Home Prods. Corp. v. Johnson & Johnson</u>, 111 F.R.D. 448, 453 (S.D.N.Y. 1986). Other district courts have held that a counterclaim must be confined specifically to responses that are related to changes in the amended complaint. See, e.g., <u>Nolan v. City of Yonkers</u>, No. 92-6067, 1996 WL 120685, at *4 (S.D.N.Y. Mar. 19, 1996). A more

---

    jurisdiction.
Fed. R. Civ. P. 13(a)(1). Rule 15 states:
    A party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. . . . Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.
Fed. R. Civ. P. 15.

moderate view allows a party to file an amended counter-response without leave "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446 (E.D. Va. 2005).

The Court finds the moderate approach, which is also the most predominate approach in the case literature, persuasive here.[2] By requiring an amended response to reflect the change in theory or scope of the amended complaint, the moderate approach is "consistent with Rule 15's requirement that an amended pleading must 'plead in response' to the amended pleading."

---

[2] Other district courts within the Fifth Circuit seem to have adopted the moderate approach as well. See, e.g., Seitz, 2007 WL 1795678, at *2-3.  For an example of the prevalence of the moderate approach in federal case law, see St. Paul Fire & Marine Ins. Co. v. Onvia, Inc., No. 06-1056, 2007 WL 1575955, at *1 (W.D. Wash. May 29, 2007) ("The Court finds that the moderate approach is the most appropriate in this case."); Elite Entm't, 227 F.R.D. at 446-47 ("[T]he moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case . . . ."); Uniroyal Chem. Co., Inc. v. Syngenta Crop Prot., Inc., No. 02-2253, 2005 WL 677806, at *2 (D. Conn. Mar. 23, 2005) ("[T]he court finds the better and more equitable interpretation of Rule 15(a) is the moderate approach . . . ."); Tralon Corp. v. Cedarapids, Inc., 966 F. Supp. 812, 832 (N.D. Iowa 1997), aff'd, 2000 WL 84400 (8th Cir. Jan. 21, 2000) ("When a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the [p]laintiff. . . . The obvious corollary is that if an amended complaint does not change the theory or scope of the case, a [defendant] must seek leave of court pursuant to Rule 15(a) before it amends its answer to assert a counterclaim." (internal citations and quotation marks omitted)).

Elite Entm't, 227 F.R.D. at 446-47 (citing 3 JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 15.17[6] (3d ed. 1997)).  "If every amendment, no matter how minor or substantive," one court has soundly observed, "allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause.  This would deprive the Court of its ability to effectively manage the litigation."  E.E.O.C. v. Morgan Stanley & Co., 211 F.R.D. 225, 227 (S.D.N.Y. 2002).  This Court adopts such thinking.

   Applying the moderate approach to the facts of this case, the Court finds that Devall's counterclaim is not permissible as a matter of right, and leave of Court should have been sought. Significantly, Panoceanis's second amended complaint merely added Magna as a plaintiff.  Nothing more, Panoceanis did not add any new claims nor did it expand the simple scope or theory of the case.  In fact, Panoceanis filed its second amended complaint in direct response to this Court's December 5, 2012 Order and Reasons, which required that Magna be joined as a real party in interest.  Because the second amended complaint did not expand the scope or theory of the case, defendant is not entitled to raise additional claims that it wholly failed to raise when sued or to expand the scope of this case without permission from the Court.

*B.*

Although the defendant fails to seek in the alternative leave to assert its counterclaim, the Court nevertheless finds leave to be unwarranted here. Rule 15 provides that leave to amend the pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15. For the amendment of pleadings after a scheduling order deadline has expired, however, the Fifth Circuit has explicitly held that Rule 16(b) governs. Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S & W Enters., LLC v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Notably, a trial court has broad discretion to preserve the integrity and purpose of its pretrial orders. See S & W Enters., 315 F.3d at 535. The Fifth Circuit has set forth a four-part test to determine whether a movant has established good cause, which requires examining (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Sw. Bell Tel. Co., 346 F.3d at 546-47.

In this case, the Court finds that nearly all the factors weigh against allowing defendant to file its counterclaim. Devall waited almost two years after the collision to claim

entitlement to damages to its barges; however, Devall admits that it retained marine surveyors to inspect the alleged damages to its barges shortly after the incident. In fact, over a year ago, on December 22, 2011, Devall provided Panoceanis with a report prepared by its marine surveyors that concluded that defendant's barges sustained damages. Devall has offered no reason for its failure to raise this counterclaim in a timely fashion, which common sense mandates that Devall knew about from the early stages of this case. Defendant easily could have asserted its counterclaim for damages, or sought leave to amend, long before this patently late date. Moreover, defendant fails to identify any fact pertaining to its counterclaim that it learned during discovery that it did not know at the outset of this litigation fourteen months ago.[3]

---

[3] Any argument that Devall was unable to assert its counterclaim because Magna was not a party is without merit. Devall knew about the condition of its own barges early on. See, e.g., S & W Enters., 315 F.3d at 535-36 (finding no abuse of discretion when the district court denied the plaintiff leave to amend because the motion was untimely and the same facts were known to the plaintiff from the time of its original complaint to the time it moved for leave to amend); Stewart Bros. Indep. Contractors, LLC v. Renata Lakes Apartments, L.P., No. 11-579, 2011 WL 6020173, at *2 (E.D. La. Dec. 1, 2011) (holding that the defendant offered no reason for its failure to raise its counterclaim in a timely manner when the counterclaim involved the same facts, documentary evidence, and witnesses as those implicated by the plaintiff's complaint, and finding that the plaintiff would suffer prejudice from having to rush to conduct additional discovery with less than thirty days until the close of discovery).

Accordingly, the plaintiffs' motion to dismiss defendant's counterclaim is GRANTED.[4]

                              New Orleans, Louisiana, January 23, 2013

                                            MARTIN L. C. FELDMAN
                                 UNITED STATES DISTRICT JUDGE

---

[4] Based upon Magistrate Judge Chasez's report to this Court about the settlement conference held with counsel on January 22, 2013, the Court is also moved to remind counsel of the mandate of 28 U.S.C. 1927 and their professional obligations. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonable incurred because of such conduct." 28 U.S.C. § 1927 (2006).